**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



JUN 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN BAKER, an individual; et al., | No. 21-15957 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-00518-MMD-CLB |
| v. | |
| DEAN MEILING, an individual; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| JANET CHUBB, an individual; et al., | |
| Defendants-Appellees, | |
| and | |
| MEILING FAMILY PARTNERS, LTD., | |
| Defendant, | |
| DOES, 1-100, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 11, 2022
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and KANE,[**] District Judge.

Plaintiffs—fifty-one investors in and former members of Metalast International, LLC ("MILLC")—appeal from the district court's grant of a Rule 12(b)(6) motion to dismiss brought by Defendants Dean Meiling; Madylon Meiling; Chemeon Surface Technology, LLC; DSM Partners, Ltd.; DSM P GP, LLC; Suite B, LLC; Janet Chubb; Armstrong Teasdale, LLP; Tiffany Schwartz; Meridian Advantage; and James Proctor. Plaintiffs allege that Defendants conspired to fraudulently convert and acquire the assets of MILLC through a Nevada state court receivership proceeding. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of a Rule 12(b)(6) motion to dismiss de novo. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v.*

---

[**] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

*Twombly*, 550 U.S. 544, 570 (2007)).  We review the denial of leave to amend for abuse of discretion.  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).

Plaintiffs argue that the district court erred in holding that their claims are barred by Nevada's litigation privilege.  The privilege is "quite broad" under Nevada law.  *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002) (per curiam).  The privilege "immunizes from civil liability communicative acts occurring in the course of judicial proceedings, even if those acts would otherwise be tortious," *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 902 (Nev. 2014) (en banc), including statements made "when the motives behind them are malicious and they are made with knowledge of the communications' falsity," *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) (en banc).  It extends to "communication[s] [] made before a judicial proceeding is initiated," but "only if the communication is made in contemplation of initiation of the proceeding." *Fink*, 49 P.3d at 644 (internal quotation marks omitted).  The communication "need not be strictly relevant to any issue involved in the proposed or pending litigation, it only need be in some way pertinent to the subject of controversy." *Id.* (footnote and internal quotation marks omitted).  It applies to communications made by both attorneys and non-attorneys relating to both judicial and quasi-judicial proceedings. *Jacobs*, 325 P.3d at 1285.  Nevada courts are to "apply the absolute privilege liberally, resolving any doubt in

3

favor of its relevancy or pertinency." *Fink*, 49 P.3d at 644 (internal quotation marks omitted).

We accept the allegations in Plaintiffs' complaint as true. We agree with the district court that all of Plaintiffs' claims necessarily entail a challenge to Defendants' communications made either in anticipation of or during the Nevada receivership proceeding in which Defendant D&M-MI, LLC, purchased the assets of insolvent MILLC. The Meilings' alleged false promises to lend additional funds to MILLC, in addition to Proctor's and Chubb's misrepresentations about their relationship with the Meilings, were all made with the intention of obtaining MILLC's financial information for use in support of the receivership action. The alleged filing of the fraudulent USPTO application was also made in anticipation of the receivership action. Defendants' alleged collective orchestration of the appointment of Proctor as receiver, Proctor's placement of the Meilings in charge of operations at MILLC, and the sale and transfer of MILLC's assets to D&M-MI, LLC, all occurred during the receivership proceeding. The litigation privilege thus bars Plaintiffs' claims, and the district court did not err in so holding. The district court did not abuse its discretion in denying Plaintiffs' request for leave to amend,

concluding that amendment would be futile.  *See AmerisourceBergen Corp. v.*

*Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).[1]

      **AFFIRMED.**

---

[1] We grant Plaintiffs' request for judicial notice (Dkt. No. 26).